SAUL BERMAN *vs.* KING UNION COMPANY, INC.

LORRAINE BERMAN *vs.* SAME.

JANUARY 29, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   These two actions of trespass on the case for negligence were brought by a husband and wife to recover damages resulting from a collision between an automobile owned by the wife, but driven by the husband, and defendant's automobile.   The two cases were tried together before a jury in the superior court and at the conclusion of the evidence for plaintiffs the trial justice granted defendant's motion for a nonsuit in each case.   Both cases are before us on the exception of the respective plaintiffs to such rulings.   Unless otherwise indicated, we will treat the two cases as if only that of the husband were before us, our statement of the facts, however, applying to both cases.

The accident occurred in the early afternoon of June 25, 1951 at the corner of Whiting street and Morris avenue, public highways in the city of Providence.   These vehicles will hereinafter be called cars as they are so denominated in the transcript.   The physical conditions at the southwest corner of the intersection in question deserve particular consideration.   Generally speaking, Morris avenue at the place of the accident runs north and south with Whiting street entering but not crossing it at a right angle from the west.   Both streets are wide enough for three cars, are curbed and have sidewalks, with the exception that for some undisclosed reason there is no sidewalk at the southwest corner on Morris avenue where foot passage is obstructed by brush and other conditions.   At the property line at that corner there is an embankment, about four feet high, with a tree and shrubbery thereon.   The plaintiff

admitted that he was familiar with such obstruction and that it presented an unusually blind corner to the driver of a car on Whiting street who intended to make a right turn and proceed south on Morris avenue.

It appears in evidence that Saul Berman was the driver of plaintiff's car; that it was registered as owner in the name of his wife, who was sitting in the front seat with him at the time of the accident; and that she had permitted him to use the car to go to his office on Medway street, which is south of Whiting street. The defendant's car was driven by a Mrs. Smith, who had two children beside her on the front seat.

Omitting references to discrepancies of a minor nature and viewing the testimony of the plaintiff most favorably to him, as the trial justice was bound to do under our settled rule governing a motion for a nonsuit, we summarize the evidence of record as follows. On the way to his office on Medway street the plaintiff drove the car in an easterly direction on the right side of Whiting street at a slow rate of speed, intending to turn right or southerly on Morris avenue. Knowing the dangerous condition of the intersection at the southwest corner he brought the car to a full stop when its front end was at the curb line of Morris avenue. With the car in that position he could see traffic conditions on Morris avenue to his left but not to his right because of the embankment, tree and shrubbery hereinbefore described. Seeing no vehicle approaching the intersection from his left, he started the car and began edging out beyond the curb line of Morris avenue at a speed of from one to two miles an hour, turning to his right and close to the southwest corner so that he might proceed southerly on that street to his destination.

When the front end of plaintiff's car, thus turning, had entered sufficiently into Morris avenue to clear the obstruction at the above-mentioned corner plaintiff saw defendant's car, which was moving north towards the intersection at a fast rate of speed, a short distance from him with its left

wheels well over the center line of Morris avenue. Confronted with such a situation plaintiff stopped immediately, while the driver of defendant's car did nothing to alter the course or control the speed of that car. The result was that within a second or two defendant's car struck the left side near the front of plaintiff's car and finally came to a stop approximately 100 feet from the point of collision.

The evidence is clear that there was nothing on Morris avenue in the vicinity of the intersection to prevent the driver of defendant's car from using her own right side of the highway; that at the time of the accident only the front part of plaintiff's car was in Morris avenue; that the force of the collision pushed it back almost completely into Whiting street; and that both cars were damaged on their respective front and left sides. There is no evidence of any warning signal from defendant's car in approaching the intersection.

The trial justice granted defendant's motion for a nonsuit in each case on the following grounds, which are the only ones presently before us for review. In the case of Saul Berman he found that in driving as plaintiff did, he was guilty of contributory negligence as a matter of law. In the case of Lorraine Berman he held that she, as owner and riding in the car at the time of the accident, was barred from recovery because in the circumstances she was presumed to have control of the car.

This court has consistently held that on a motion for a nonsuit or for direction of a verdict for defendant the case must be submitted to a jury if there is any evidence to support plaintiff's right of action. As stated in *Douglas* v. *First National Stores, Inc.*, 54 R. I. 278, at page 280: "The truth of plaintiff's evidence and all legitimate inferences therefrom favorable to plaintiff are in effect admitted by these motions; the weight of the evidence is not an issue." *Nolan* v. *Kechijian*, 75 R. I. 165. In actions for negligence it is well settled that the question of plaintiff's contributory negligence is generally one for the jury unless it clearly

appears that the only reasonable conclusion from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have acted as the plaintiff did.

The defendant first contends that plaintiff's conduct was not consistent with ordinary prudence because he entered Morris avenue well knowing that when the front of his car was at the curb line of that street his view of traffic thereon approaching the intersection from the south was completely blocked by the obstruction at the southwest corner, and that therefore his testimony that he looked to his right at that time is of no benefit to him. We cannot agree with that contention in the peculiar circumstances of this case. We recall that plaintiff had to turn to his right and proceed southerly on Morris avenue to go to his destination; that Morris avenue permitted two-way traffic, and the lane for traffic in a southerly direction immediately adjoined the westerly curb line; that such traffic in that lane normally would approach the intersection from plaintiff's left and not from his right; that, with the car stopped at the corner, he looked to his left for southbound traffic and saw none to impede his progress; and that only then did he begin to edge his way onto Morris avenue into that lane.

Meanwhile defendant's car, moving northerly at a fast rate of speed with its left wheels considerably over the center line of Morris avenue, that is, partly on its wrong side, approached the intersection without giving a warning signal, or reducing its speed, or changing its position on the highway, when there was nothing to prevent its turning onto its own right side of the road. It is also clear that in entering the lane for southbound traffic on Morris avenue no part of plaintiff's car reached the center line of that street.

If defendant's contention under consideration were accepted in the circumstances disclosed by the present record plaintiff would not be warranted in moving onto the lane for southerly traffic on Morris avenue unless someone not

in the car advised him that he could safely turn to his right around the obstruction at the southwest corner. Such a view is unreasonable. The defendant strongly relies upon *Edwards* v. *Johnson*, 71 R. I. 67, arguing that the situation which confronted plaintiff in the instant case was "quite analogous" to the one in that case. The alleged analogy is without substance, as a comparison of the facts in the two cases clearly shows fundamental and vital differences.

The care that a person must exercise at any given time or place depends upon the danger reasonably to be apprehended, that is, the amount of care that an ordinary prudent person would exercise in the same or similar circumstances. In highway collision cases the observance or violation of the rules of the road is undoubtedly of importance, as such rules are prescribed to promote the orderly and safe flow of traffic. In the instant case plaintiff had the right to assume, until the contrary became reasonably apparent, that the driver of a motor vehicle traveling north on Morris avenue would observe the rules of the road and not invade plaintiff's side of the street. *Lamarque* v. *Masse*, 76 R. I. 382, 387; *Rawding* v. *Lonsdale Bakery Co.*, 71 R. I. 50. Furthermore, even if the driver of defendant's car intended to turn left into Whiting street those rules required that the car be driven to the right of the center of the intersection, which was not the case here.

The defendant also contends that plaintiff was guilty of contributory negligence because he failed to yield the right of way to its car. This contention adds little, if anything, to defendant's claim when in the circumstances its own car was being operated in violation of the rules of the road and when plaintiff's car was at the intersection first. In *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, at page 457, we plainly stated: "The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others."

A clear issue of fact was presented by the evidence of

record. Whether in all the circumstances Saul Berman, as plaintiff, was driving his wife's car as an ordinary careful and prudent person was a question for the jury to decide. Hence the trial justice erred in granting defendant's motion for a nonsuit in that case. This being so, it follows that there was also error in granting a nonsuit in the case of plaintiff Lorraine Berman for the reasons hereinbefore stated. Whether she was barred from recovery on any other theory of law was not considered by the trial justice and therefore is not determined here.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Robert N. Greene,* for plaintiffs.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.