CECILIA C. PAYNE *vs.* LOUIS N. ZETTELL.

ROBERT PAYNE *vs.* LOUIS N. ZETTELL.

JUNE 30, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. These actions of trespass on the case for negligence were brought by a wife and her husband to recover damages for personal injuries and property damage suffered by the wife and for consequential damages to her husband resulting from a collision between an automobile owned and driven by the wife and the defendant's automobile. The cases were tried together before a justice of

the superior court sitting with a jury and resulted in verdicts for the defendant. The trial justice granted each plaintiff's motion for a new trial and each case is before us on the defendant's single exception to such decision. The basic issues and evidence are identical in both cases, the husband's case depending upon that of his wife. We shall therefore discuss only the wife's case.

In his decision the trial justice stated that the weight of the credible evidence supported plaintiff's version of the manner in which the collision occurred. On this issue he rejected defendant's testimony as unworthy of belief and instead accepted that of plaintiff and a passenger who was riding with her. In accepting plaintiff's testimony he also relied on certain evidence which showed the relative positions of the vehicles after the accident, the damage to such vehicles, and skid marks on the highway caused by plaintiff's automobile. From such evidence he concluded that the collision occurred in the manner described by plaintiff and that it was caused by defendant veering from one lane to the other.

The defendant contends in substance that in passing on the motion for a new trial the trial justice overlooked and misconceived material evidence affecting defendant's credibility and the issue of contributory negligence; that consequently his decision should not be given the usual weight; and that in the circumstances plaintiff has failed to sustain her burden of establishing that the verdict is against the great weight of the evidence.

Before discussing such contentions we shall refer briefly to the evidence relating to the manner in which the collision occurred. The accident happened June 4, 1956 in the town of Lincoln on the George Washington Highway, a four-lane public road with two lanes on each side of a grass island separating traffic going in opposite directions. At various points along the highway there are openings or cut-

offs through which traffic can move from one side of the island to the other.

The plaintiff testified that she was driving easterly in the left-hand lane; that defendant was going in the same direction straddling the left and right lanes; that she blew her horn when she was about 200 feet behind him; and that he thereupon drove into the right-hand lane. She also testified that defendant was driving about 25 miles per hour and that she was going about 35 or 40 miles per hour; that she continued driving in the left lane; that when she was about 100 feet behind him he cut in front of her; and that without giving any signal he went from the right-hand lane at an angle across the left-hand lane to go through one of the cutoffs. In cross-examination she stated that she was paying attention to her driving; that she did all she could; and that she jammed on her brakes and went to the left.

It appears from the testimony and the exhibits that both cars were in the left-hand lane at the time of the collision; that the right front end of her car was damaged; that the left front and left rear fenders of defendant's car were damaged; and that no part of defendant's car was in the cutoff after the accident. The plaintiff testified that defendant had given no signal of his intention to make a left turn and that her right front fender came in contact with his left front fender.

The defendant's testimony is in direct conflict with that of plaintiff. He testified that he had been driving in the left-hand lane inches from the cement curbing along the island for a distance of 500 or 600 feet before he reached the cutoff where the accident occurred; that when he was about 100 feet from the cutoff he slowed down to 10 or 15 miles per hour and put on his directional light indicating a left turn; that he saw a car about 200 feet behind him; that the weather was clear and there was no other traffic; and that just as he was about to enter the cutoff he was struck in the left rear by plaintiff. He stated that the

first contact was with the left rear portion of his car and that the left side thereof was damaged.

The foregoing summary points up clearly the substantial conflict in the testimony relating to the manner in which the collision occurred. In such circumstances a determination of the essential question of what actually happened depends to a great extent upon the credibility of the witnesses and the weight to be given to their testimony. It is well settled in this state that in passing on a motion for a new trial on the ground that the verdict is against the evidence, it is the duty of the trial justice to exercise his independent judgment in weighing the evidence and passing on the credibility of witnesses, and to determine whether the verdict is supported by a preponderance of the evidence and does substantial justice between the parties. *Saritelli* v. *Industrial Trust Co.*, 84 R. I. 42.

The trial justice gave no weight to defendant's testimony because in his opinion defendant was uncertain in giving his testimony and also because the physical evidence did not indicate the probability that the collision occurred in the manner described by him. In passing on the question of his credibility the trial justice was in a better position to evaluate the testimony than we are. He had the advantage, which we do not have, of seeing and hearing the witness. After carefully examining the record we are satisfied that in passing on the issue of defendant's credibility with reference to the manner in which the collision occurred the trial justice did not overlook or misconceive any material evidence. In our opinion he has stated valid reasons predicated upon the evidence, and therefore we cannot say that he was clearly wrong in rejecting such testimony.

The defendant next contends that even if plaintiff's version is accepted, the evidence is such that the question whether plaintiff was guilty of contributory negligence was a question of fact for the jury. He also argues that in any event the failure of the trial justice to expressly refer in

his decision to the issue of contributory negligence indicates clearly that he overlooked and misconceived the evidence with reference to that issue.

After carefully reading the decision of the trial justice, and keeping in mind that in his charge he instructed the jury on the law relating to the burden resting on the plaintiff to prove due care on her part, we are of the opinion that he did not overlook or misconceive the evidence with respect to the issue of contributory negligence. Although there is no express reference thereto in his decision, the trial justice clearly and expressly stated that the collision was caused by defendant when he veered from one lane into another and back into the first lane, after having indicated that he was going to permit plaintiff to pass on his left. In the circumstances it is reasonable to infer from the language of the trial justice that in stating the accident was caused by defendant, he considered and passed upon the question of contributory negligence and concluded that the weight of the evidence on this issue was also against the verdict. This was implicit in his decision. See *Chase* v. *Goyette,* 85 R. I. 469, 473.

The question remains whether the trial justice was clearly wrong in deciding that the weight of the evidence was against a finding of contributory negligence. It is apparent that, by sending the case to the jury, the trial justice on the basis of the record before him considered the question of contributory negligence one of fact. See *Saritelli* v. *Industrial Trust Co., supra,* at page 47. See also *Berman* v. *King Union Co.,* 80 R. I. 181, 184.

In cross-examination plaintiff testified that defendant cut in front of her; that she jammed on her brakes; and that she did all she could to avoid the collision. On the view that we have taken, in considering this issue we must accept plaintiff's version. In his decision the trial justice stated that if the accident had happened according to defendant's version, plaintiff would have had sufficient time

to put on the brake. It is reasonable to assume from such language that, having accepted her version, he concluded that she did not have sufficient time to avoid the accident, and that she did everything an ordinary prudent person would have done in similar circumstances.

The care that a person must exercise at any given time or place depends upon the danger reasonably to be apprehended, that is, the amount of care that an ordinary prudent person would exercise in the same or similar circumstances. *Berman* v. *King Union Co., supra,* at page 186. The plaintiff had the right to assume, until the contrary became reasonably evident, that defendant would observe the rules of the road and not veer to his left and cut in front of her. *Lamarque* v. *Masse,* 76 R. I. 382, 387. It appears from plaintiff's evidence that she was confronted with a sudden emergency which she could not reasonably have foreseen. The narrow issue before us in considering this question is whether the trial justice was clearly wrong in deciding that the weight of the evidence was contrary to a finding that plaintiff had failed to exercise the amount of care that an ordinary prudent person would exercise in the same or similar circumstances. After careful consideration it is our opinion that his decision on this issue was not clearly wrong.

We are satisfied that the trial justice performed the duty required of him in passing on a motion for a new trial and that he did not overlook or misconceive any material evidence. Therefore we cannot say that he erred in granting a new trial.

In each case the defendant's exception is overruled, and each case is remitted to the superior court for a new trial.

*Lisker & Lisker, Albert Lisker,* for plaintiffs.

*Carroll & Dwyer, John G. Carroll, Joseph G. Miller,* for defendant.