### FLORA M. REID *vs.* RHODE ISLAND COMPANY.

#### JUNE 7, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Verdicts. Exceptions.*

If a court in accepting a verdict commits an error of law, it is one that can not be reviewed on motion for new trial before the same court.

(2) *Right of Counsel to be Present at request for Instructions.*

Under rule 17 of the Superior Court it is the duty of the court, when additional instructions are requested, to send for absent counsel if they have left an address, and failure so to do, would entitle a party to except within a reasonable time after the acceptance of the verdict under modified instructions of the court.

(3) *Special Issues, and Verdict Thereon.*

Under Section 353 of the court and practice act it is the duty of the court to require a special verdict upon an issue submitted. The issues are to be settled by the court, subject to exception, but after being settled and submitted the court must direct the jury to return a special verdict upon them.

(4) *Special Issues. Not Reversible Error if Immaterial.*

Although the trial court erred in not insisting upon a special verdict upon issues submitted to the jury, yet where such issues were immaterial, and indecisive of the merits of the case, a new trial will be denied upon this ground.

(5) *Common Carrier. Negligence. Baseball.*

A common carrier is guilty of a breach of its duty to a passenger in stopping its car behind the home plate of a baseball field, while a game was going on, as a result of which plaintiff was struck by a foul ball and injured, the evidence, as well as the common knowledge of the court, showing such position to be one of great danger.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant, and overruled.

DOUGLAS, C. J. The plaintiff, on the second day of August, 1902, was a passenger upon one of the defendant's cars running on Weeden street in the city of Pawtucket. It was necessary for this car to stop on Weeden street until a certain hour, to permit another car to pass. On this occasion, instead of stopping the car at the usual place, which was further down the street, the conductor stopped the car directly opposite the home plate of a ball field where a game of baseball was in progress, as it appears from his own evidence, that he might watch the game. Two or three minutes after the car was stopped a foul ball struck the head of the plaintiff, who was sitting in the car with her back to an open window, and injured her more or less severely. This suit is brought to recover damages for the alleged results of the blow.

The declaration contained an allegation that the defendant had employed an incompetent conductor, but the court in charging the jury told them to disregard this allegation, as there was no evidence to support it, and confine their attention to the further allegations, which substantially set forth the facts above recited. The duplicity in the declaration, which might have been taken advantage of by special demurrer, was not harmful to the defendant in view of the instructions of the court.

In addition to the main issue arising upon the pleadings, three questions were framed by counsel, upon which he requested special findings, and these were allowed by the court and submitted to the jury, as follows:

"1. Did the plaintiff suffer any injury to the skull, by reason of the accident as alleged, from which she is now suffering?

"2. Did the accident as alleged result in any pressure upon the plaintiff's brain?

"3. If the plaintiff suffered from a pressure upon the brain, was such pressure at the point where she claims to have been struck at the time of the accident?"

After deliberation the jury returned into court and tendered a verdict, which was accepted by the court, as follows:

"The jury find that the defendant corporation is guilty in manner and form as the plaintiff has in her declaration thereof complained against it, and assess damages for the plaintiff in the sum of $2,750.00, and the jury say they are unable to answer the special findings."

It appears by agreement of counsel that defendant's counsel was not present in court at the taking of the verdict, and was not notified to appear when it was presented and before it was accepted by the court.

Within seven days after the rendition of this verdict the defendant moved for a new trial in the Superior Court, alleging as grounds therefor:

"1. That said verdict is contrary to the evidence and the weight thereof.

"2. That said verdict is contrary to law.

"3. That the amount of damages awarded by said verdict is excessive.

"4. That said verdict was not a sufficient verdict in law in that the jury only returned a partial verdict."

This motion having been denied, the defendant duly excepted and filed this bill of exceptions, which it now urges upon the grounds set forth in the motion for a new trial.

It seems clear that the fourth reason alleged in support of the motion was inadmissible before the Superior Court. The verdict, as it was, had been accepted by the court; if this was an error of law the decision could not be reviewed on a motion for a new trial before the same court. It seems at least doubtful whether, as no exception was taken at the time, the defendant is entitled to bring the queston here.

The voluntary absence of a party, even in a criminal case, is no bar to the reception of a verdict. *State v. Guinness,* 16 R. I. 401–403. Under the court and practice act, the right to except is lost by voluntary absence at the time exception should have been taken. Under rule 17 of the Rules of Practice of the Superior Court it is made the duty of the court, when additional instructions are requested by a jury, to send for absent counsel if they have left an address before leaving, and we have no information whether in this case the absent counsel had left his address. If he had done so, and was not notified, he would be fairly entitled to take his exception within a reasonable time after the acceptance of the verdict under modified instructions of the court. In the uncertainty which the facts present, we may take his inclusion of this ground in the motion for a new trial as a claim of exception thereon, and the allowance of the bill without comment may be construed as an allowance of the exception by the court.

The court and practice act makes direct provisions for submitting framed issues to a jury, in section 353, as follows:

"In any case the court may, and upon request of either party shall, direct the jury to return a special verdict upon any issue submitted to the jury. Such issues shall be settled by the justice presiding at the trial, and either party may except to his rulings thereon. In addition to such special findings on the

issues submitted, the jury shall in each case return a general verdict, and shall assess such damages, if any, therein as they may deem just."

(3)     In the system thus enacted the duty of the court is as imperative to require a special verdict upon an issue submitted as to require a general verdict upon the whole case. The issues are to be settled by the court, subject to exception; but, after having been settled and submitted, the court must direct the jury to return a special verdict upon them.

In *Rose* v. *Harvey*, 18 R. I. 527, after deliberate consideration by the court, the refusal of a trial judge to receive a verdict where the jury were unable to agree upon all the issues submitted to them was sustained. The statute then in force, Jud. Act, cap. 23, § 7, was, so far as applicable, the same as at present. An absolute right is given to either party to insist upon a verdict upon all the issues submitted, and it follows that no issue once submitted can be withdrawn from the consideration of the jury without the consent of all parties to the action. The time to consider objections to the issues is before they are submitted to the jury.

We think, therefore, that the court erred in withdrawing the issues from the jury and not insisting upon a special verdict thereon.

But the question recurs: Is the error fatal to the validity of the verdict? The rule has been established in other jurisdictions, where perhaps the court procedure is not so stringently laid down by statute as with us, that unless the issues in question are decisive of the case the general verdict will stand, though the jury fail to answer the special questions. *Schneider* v. *Chicago B. & N. R. R. Co.*, 42 Minn. 68; *Bedford S. O. & B. R. R. Co.* v. *Rainbolt*, 99 Ind. 551; *White* v. *Bailey*, 14 Conn. 272; *Wakefield* v. *Wakefield Water Co.*, 182 Mass. 429; *N. Y. County Nat. Bank* v. *Amer. Surety Co.*, 69 App. Div. 153, affirmed in 174 N. Y. 544; *Hawley* v. *Bond*, 105 N. W. (S. D.) 464.

In *White* v. *Bailey*, *supra*, the court say: "While we entirely concur in the principle, that the jury are to answer all the issues, as a general rule, yet if it appears that the whole ques-

tion in the case between the parties is settled by the verdict, we do not think that the verdict is to be set aside unless the omission to find the other issues can, in some way, prejudice the party complaining."

(4)      Although, as we have suggested, these cases depend upon statutes or systems of practice less stringent than ours, we recognize the principle upon which they rest, that a new trial will not be granted upon error of law or procedure unless it has worked material wrong.   The remarks of the court in *M'Cormack* v. *Phillips*, 34 N. W. (Dak.) 57, are not inappropriate,— "It is not any question that the ingenuity or curiosity of counsel, or their desire to mystify or confuse the jury with conundrums of the fact or law, may frame, that is to be submitted to a jury.   The question to be submitted must not only be pertinent, but it must be one the answer to which will have some conclusive effect in determining the case, or in solving a material issue in it.   And the action of the court in submitting, or in refusing to submit, a question to the jury for a special finding by them, or in discharging the jury without their having made such special finding, is, on appeal, to be viewed and tested in connection with all the circumstances of the particular case, the province and aim of the appellate court being to correct only such errors as have affected some substantial right or interest of the party appealing."

An examination of the issues specially submitted shows them to have been immaterial and indecisive of the merits of the case.   The material questions for the jury were whether the defendant through its servant had neglected its duty to the plaintiff, and if so, as to what extent this neglect had caused her damage.

Answers to the questions submitted could not affect the decision of the jury upon the issue of the defendant's negligence. They might possibly be helpful in a small degree in determining the amount of damages; but it was quite competent for the jury to fix the damages on the positive evidence submitted to them, without attempting to decide between conflicting medical theories as to the pathology of the case.   We think, therefore, that this ground of exception must be overruled.   In so de-

ciding, however, we may adopt the language of the court in *Hawley* v. *Bond, supra,* where it is said: "In holding, therefore, that the failure of the court in the case at bar to require the jury to return an answer to the special interrogatory before rendering the judgment, does not constitute a reversible error, we must necessarily be confined to the case at bar, and cases of a similar character, and can not be held to establish a general rule applicable to all cases."

The objection that the verdict is against the law is untenable in view of the decision of this court overruling the demurrer to the declaration; but we may add that it was a breach of the defendant's duty to the plaintiff to stop the car unnecessarily in a place of danger, and all the evidence in the case agrees with our common knowledge that a position behind the home plate of a baseball field while a game is going on is a position of great danger.

The evidence fully sustains the verdict as to the defendant's negligence and the careful conduct of the plaintiff. If the jury believed the testimony of the plaintiff and her witnesses, as they were warranted in doing, their estimate of damages was not excessive.

The other grounds of exception are not insisted upon. The defendant's exceptions are overruled and the cause is remanded to the Superior Court for judgment on the verdict.

*Fitzgerald and Higgins,* for plaintiff.

*Henry W. Hayes,* for defendant.