LOUIS DEMBICER *vs.* PAWTUCKET CABINET & BUILDERS FINISH CO., INC.

JULY 20, 1937.

PRESENT:    Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

452

CAPOTOSTO, J. This is an action of trespass on the case for negligence arising out of a collision in the daytime of December 15, 1930, between the automobile of the plaintiff and the defendant's truck at the intersection of Division and School streets in the city of Pawtucket. The plaintiff seeks to recover for personal injuries to himself and for damage to his automobile. At the conclusion of the testimony for the plaintiff, the defendant rested its case and moved for a direction of verdict in its favor. This motion was granted by the court and the plaintiff duly excepted. The case is before us on this single exception to this action of the trial justice.

School street runs north and south. Division street intersects School street from east to west, with a considerable downgrade to and beyond this intersection as one proceeds in a westerly direction. There is a substantial brick building that comes out to the street lines at the northeast corner of the intersection of the two streets. The testimony shows that on the day in question, the plaintiff, in company with one Hyman Koch, was driving a Ford sedan in a southerly direction on School street at a speed of between seventeen and eighteen miles an hour; that he diminished this speed as he approached the intersection; that when he reached a point on School street at or about even with the line on Division street of the brick building at the northeast corner of the intersection, which would be on his left as he was proceeding along School street, he saw an automobile on Division street to his left coming downgrade, some five, six or ten feet from the intersection; that he then looked to his

right and saw the defendant's truck "quite a ways down" Division street, coming upgrade towards the intersection; that the automobile from his left entered the intersection and, making a left turn in front of him, proceeded southerly on School street in the same direction that he was going.

What the plaintiff did after this automobile passed in front of him is best shown by the following quotations from his testimony. "Q. "Did you again observe this car (the defendant's truck) coming from your right?" A. *"While I was going across the intersection,* oh, it must have been about the length of this room here, about twenty five (25) or thirty (30) feet down." (italics ours) Q. "Was that when you proceeded across the intersection?" A. "Yes." Q. "Can you tell us the extent of your speed crossing the intersection?" A. "About twelve (12) miles an hour." Q. "What did you do then in reference to the condition of traffic?" A. "Well I kept looking ahead, and as I was three quarters over the intersection, just turned to the right, this car hit me just at that time, this truck that was coming up the hill." Q. "You had your foot on the brake when this other car was coming from your right, the truck was coming from your right?" A. "From the right, yes." Q. "Why didn't you stop?" A. "Well I was more than half way over, and I was sure I could pass. I didn't think that the truck would come up so fast, all of a sudden." (italics ours) There is nothing in the evidence to show what the speed of the truck was or that its speed was in any way increased immediately before the accident.

In re-cross-examination, the plaintiff's testimony on this point is as follows: Q. "You weren't in the intersection when this other machine turned around in front of you, were you?" A. "No, that is the time I was on the corner." Q. "You had already seen the truck at that time?" A. "I did." Q. "And when this machine rolled across, you looked to the right then, and that was before you started across, and saw this truck twenty five (25) or thirty (30) feet away?" A. "I was rolling at that time." Q. "But you

hadn't entered the intersection at that time?" A. "I was on the intersection; yes, I was."

The witness Koch, who was riding on the front seat with the plaintiff, testified that when the plaintiff's car reached the property line at the intersection he saw the defendant's truck some thirty or thirty-five feet away coming up the hill; that the next thing he knew was that the plaintiff's car and the truck collided on the intersection, and that he at no time saw any automobile enter the intersection from the left in front of the plaintiff.

This court has repeatedly held that in a case of this kind, the plaintiff cannot recover unless the evidence shows that he himself was in the exercise of due care, that is, care commensurate to the danger known or to be reasonably apprehended and such as a person of ordinary prudence would exercise under the same or similar circumstances. Excepting cases in which the doctrine of the last clear chance applies, this rule governs in all other instances. In these days of rapid transit, when motor vehicles are constantly and quickly changing the complexion of traffic, it is a matter of common knowledge that a highway intersection, particularly in centers of population, is a place where greater danger than on any other part of the highway is reasonably to be apprehended.

The duty to exercise due care, that is, the care an ordinarily prudent person would exercise under like circumstances, is therefore one which the driver of an automobile approaching a street intersection is particularly bound to observe. The degree of care required from such driver at any given time or place varies with the conditions reasonably to be observed at an intersection and increases in proportion to the increased danger reasonably to be apprehended. The greater the appreciable danger, the greater the degree of care necessary to constitute due or ordinary care. It is extremely difficult if not impossible, to state a rule of general application in intersection cases, unless we establish one by judicial fiat, which we are not disposed

to do. The determination of what constitutes due care under the circumstances in any case must, therefore, depend upon the facts in that case.

The driver of an automobile intending to cross an intersection should not only observe the so-called laws of the road, which include traffic regulations established by statute or ordinances, but, before crossing, he should look when looking is efficient and take into consideration the circumstances attending at the time, such as the physical conditions at the intersection, the weather, road and light conditions, the relative importance of the streets or highways forming the intersection, the intensity and course of traffic, and the distance and speed of other vehicles that may be approaching that same intersection. The rule in our cases that one must look before entering and crossing an intertecting street requires that one look at the time and place when looking will seasonably apprise a reasonably careful person of the conditions confronting him at the intersection, so that he may control his actions accordingly. The duty is not merely one of looking but is one of observing the traffic and general situation at or in the vicinity of the intersection. He must look in the careful and efficient manner in which a man of ordinary prudence in like circumstances would look in order to ascertain the existing conditions for his guidance.

We know of no arbitrary rule, established by statute or by our decisions, as to the time and place of looking for vehicles on an intersecting street, and no particular distance from the intersection is prescribed for that purpose. A person approaching the intersection should make the necessary observation at a time and place where observation, in the exercise of ordinary care, will be reasonably effective. For a further discussion of this subject see *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215, 221.

The observance or non-observance of traffic regulations is a circumstance to be considered in determining whether the driver of an automobile was in the exercise of due care at

a street intersection. Such regulations, including the right of way rule, are prescribed rules of conduct to promote the orderly and safe flow of traffic. The driver of an automobile, who has the right of way at an intersection and is himself in the exercise of due care, is entitled to assume, in the absence of notice inconsistent with this assumption, that the driver of another automobile, approaching the intersection on a cross street from his left, will observe this rule, as well as all other rules governing traffic at such places. The driver approaching the intersection from the left ordinarily must give way to the one coming from his right, unless efficient observation of existing conditions at the intersection would lead a reasonably prudent person to believe that he could safely clear the intersection.

A person having the right of way, however, is bound to exercise this right with proper regard to the surrounding circumstances and must use the right of way accorded him by statute as an aid to and not in violation of his fundamental duty to exercise due care in entering and crossing the intersection, which includes all the space within the lines of both intersecting streets. The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others. Insistence upon the right given by this rule, when ordinary prudence in the circumstances dictates otherwise, may be entirely inconsistent with the exercise of due care.

Excepting the case of *Labbee* v. *Frenze,* 53 R. I. 168, the views that we have just expressed are in full accord with the previous decisions of this court in automobile collisions at street intersections. *Jacobson* v. *O'Dette,* 42 R. I. 447; *Correia* v. *Cambra,* 51 R. I. 472; *Keenan* v. *Providence Journal Co.,* 52 R. I. 54; *Wildenhaim* v. *Knight,* 173 A. (R. I.) 83. The *Labbee* case, *supra,* is hereby limited and modified in so far as it is inconsistent with this opinion.

No question of the last clear chance is presented by the record in this case. The plaintiff's contention is that the

question of contributory negligence should have been submitted to the jury.  The question of contributory negligence is ordinarily one for the jury, unless it clearly appears that the only proper conclusion from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have acted as did the plaintiff.  Considering the plaintiff's case in the most favorable view, it is clear to us that he utterly failed to exercise the care that ordinary prudence required under the circumstances known to him.  By leaving a place of safety on School street immediately after the automobile from his left had passed in front of him, with the knowledge that he had seen a truck approaching and close to that intersection on his right, and continuing to drive into the center of the intersection without looking again or paying any further attention to the truck until the time of collision, the plaintiff was clearly guilty of negligence as a matter of law.

We are, therefore, of the opinion that on the evidence in this case the trial justice was fully warranted in directing a verdict for the defendant on the ground of contributory negligence.

The plaintiff's exception is overruled and the case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Max Winograd, William J. Carlos,* for plaintiff.

*Sherwood & Clifford, Raymond E. Jordan,* for defendant.