ARNOLD LANNI *vs.* UNITED WIRE & SUPPLY CORPORATION.

FEBRUARY 19, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action of trespass on the case for negligence arising out of a collision between the automobile of the plaintiff and the defendant's truck. The plaintiff seeks to recover for personal injuries to himself and for damage to his automobile. The case was tried before a

justice of the superior court sitting with a jury and resulted in a verdict for the defendant. Thereupon the plaintiff filed his motion for a new trial which was denied by the trial justice. The case is before this court on the plaintiff's bill of exceptions containing an exception to such denial and other exceptions taken during the course of the trial relating to alleged errors made by the trial justice on evidentiary rulings, to his refusal to grant plaintiff's request for a special finding, to his refusal of certain requests to charge the jury, and to certain portions of the charge.

The plaintiff has expressly waived exceptions numbered 14, 21 and 24. Exceptions 3 through 11 and exception 15 relate to the question of damages and are therefore not an issue on this appeal. The trial justice correctly instructed the jury that they were to consider the question of damages only if they first found that defendant was liable. This was the law of the case and the jury were bound by it. Having rendered their verdict for defendant, the jury never reached the question of damages. Therefore assuming without deciding that such rulings were erroneous they could not have prejudiced plaintiff, since the jury, by their verdict and by the rulings of the trial justice, were precluded from considering the question of damages.

The plaintiff's exception 29 raises the issue of defendant's liability. He contends that the trial justice erred in denying his motion for a new trial on the ground that the verdict was against the law and the evidence and the weight thereof. In addition he argues that the verdict resulted from passion, prejudice and sympathy induced by defendant's counsel. After a hearing on such motion the verdict was approved by the trial justice, who after carefully reviewing the record and exercising his independent judgment on the credibility of the witnesses and the weight of the evidence, stated that on the basis of all the evidence he was inclined to the view that the jury's verdict was correct.

The record discloses the following pertinent facts. This

accident occurred at the intersection of Post Road and Kilvert street in the city of Warwick during the daytime on June 24, 1954. The plaintiff was driving his own car southerly on Post Road. The defendant's truck was being operated by one of its employees easterly on Kilvert street toward the Post Road at a point where the two roads formed a T intersection. In other words the defendant's truck was coming into the Post Road from plaintiff's right side. There was a stop sign on Kilvert street regulating traffic proceeding easterly on that street into Post Road. The foregoing testimony is undisputed. However, on the question of how the accident happened, the testimony was in direct conflict.

The plaintiff and his witnesses testified that plaintiff was driving on the second lane on Post Road; that about 50 feet north of the intersection of Kilvert street and Post Road he passed a truck belonging to Campanella & Cardi Construction Company, hereinafter called the cement truck, which was going southerly on the first lane; that defendant's truck came out of Kilvert street, without stopping at the stop sign or the intersection; and that it hit the right side of plaintiff's car near the rear door. One of plaintiff's witnesses testified that defendant's truck was being operated at a speed of 25 to 30 miles per hour and that the driver was making no effort to stop.

On the contrary, defendant's witnesses testified that defendant's truck stopped at the stop sign and also at the intersection; that the cement truck was in the second lane on the Post Road; that its operator signalled defendant's driver to move out; that defendant's truck proceeded into Post Road at a speed of 5 to 8 miles per hour; that plaintiff drove on to the third lane in passing the cement truck; that plaintiff then turned to the right in front of that truck; and that when in about the middle of the first two lanes his automobile struck defendant's truck. The defendant's driver testified that the first time he saw plaintiff's car was when it was about 8 to 10 feet away from him and was go-

ing 20 to 30 miles per hour; that he slammed on his brakes; and that defendant's truck was struck by plaintiff's car which then proceeded 50 or 60 feet after the collision before it stopped.

The conflict in the evidence on material aspects of the main issues is plain. Unless the trial justice's decision upon the conflicting evidence is clearly wrong or is based upon a misconception of that evidence, it will not be disturbed by this court. The weight to be given to such evidence depended to a considerable extent on the credibility of the witnesses. The trial justice and the jury had the advantage, which we do not have, of seeing and hearing them. Upon the record before us, we cannot say that he was clearly wrong in denying plaintiff's motion for a new trial on the question of liability, or that he misconceived the evidence in deciding that issue.

The contention that certain remarks made by defendant's counsel prejudiced plaintiff is lacking in merit. The record discloses that plaintiff had withdrawn the question which provoked the remarks of defendant's counsel to which plaintiff now objects. In any event we are convinced that the instructions of the trial justice to the jury that the remarks of counsel did not constitute evidence and that they were not to consider such remarks in their determination of the facts obliterated any possible prejudice to plaintiff. Therefore on the record before us we cannot say that the trial justice erred in deciding that the verdict was not the result of passion, prejudice or sympathy. Exception 29 is overruled.

Exceptions 1 and 2 are based on the rulings of the trial justice sustaining defendant's objection to the following questions on direct examination of plaintiff by his counsel: "Now, can you give us your best guess as to the speed of this other vehicle you saw?" and "Mr. Lanni, is it that you have no recollection of the speed of that vehicle or that you're unable to estimate it or can you estimate it?" After

the above rulings by the trial justice, plaintiff's counsel made an offer of proof to the effect that plaintiff would state that his best guess as to the speed of that vehicle would be about 20 miles per hour. The plaintiff contends that the rejection of this offer by the trial justice also constituted prejudicial error. The plaintiff's contention that these rulings constituted prejudicial error is without merit. We are of the opinion that such rulings were proper in view of plaintiff's prior testimony that he could not estimate the speed of another moving vehicle while he himself was in a moving vehicle. Exceptions 1 and 2 are overruled.

The plaintiff's exceptions 12 and 13 relate to the following questions put to the plaintiff in cross-examination by defendant's counsel: "Did you put on your brakes?" and "Did you put on your brakes and attempt to stop your car so it wouldn't come in collision with the defendant's car?" The plaintiff's objections were properly overruled and there is no merit to his contention that he was not under a duty to stop or to apply his brakes merely because of the presence of a stop sign on the other street. See *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, 457, where this court stated: "The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others. Insistence upon the right given by this rule, when ordinary prudence in the circumstances dictates otherwise, may be entirely inconsistent with the exercise of due care." In our opinion this was proper cross-examination upon the issue of whether plaintiff had acted as a reasonable and prudent man would in the circumstances present at that time. In other words, it was pertinent to the question of the lack or presence of contributory negligence on his part. Exceptions 12 and 13 are overruled.

Exceptions 16 through 19 relate to rulings of the trial justice overruling plaintiff's objections to certain questions

put by defendant's counsel to one of defendant's witnesses on direct examination. The plaintiff's objections were based on the ground that these were leading questions and that as such they were prejudicial to plaintiff. Under our practice a trial justice possesses considerable latitude, in permitting leading questions, provided he does not abuse his discretion in so doing. *Ashton* v. *Higgins,* 80 R. I. 350, 357. After carefully examining the pertinent questions, in relation to the entire record, it is our opinion that the trial justice did not abuse his discretion in these instances. Exceptions 16 through 19 are overruled.

Exception 20 is based on the ruling of the trial justice sustaining defendant's objection to a question put by plaintiff to one of defendant's witnesses in cross-examination. "You didn't deem it important in all those questions Mr. Hodge asked you, you didn't deem it important to say this truck stopped twice, did you?" The question was argumentative and its exclusion was clearly within the sound discretion of the trial justice.

Exceptions 22 and 28 relate to a portion of the charge of the trial justice wherein he referred to and quoted from public laws 1950, chapter 2595, article XXVIII, sec. 3 (b), which relates to the duty of the operator of a motor vehicle at a stop sign, and P. L. 1950, chap. 2595, art. XXVI, sec. 3, which relates to the duties of operators of motor vehicles when passing or overtaking other vehicles. On the assumption that proper exceptions were taken by plaintiff, it is our opinion that the trial justice did not err in so charging. While it is true that the evidence was conflicting, it is nevertheless equally clear that there was testimony regarding the presence of a stop sign at one of the corners as well as testimony that plaintiff had driven on to the third lane in passing the cement truck. Upon this record the trial justice was warranted in charging the jury on the section in question. Exceptions 22 and 28 are overruled.

Exception 23 relates to that portion of the trial justice's

charge wherein he stated: "I would like to tell you the effect of these statutory provisions. First of all, you'll have to determine to what extent under this case these statutes or these sections of our law are applicable to the facts of the case. In other words, you'll have to first find the facts and then apply the statute as it has reference to those facts * * *." The plaintiff contends that this portion of the charge was prejudicial to him because it may have led the jury to believe that plaintiff's case depended upon statutory law alone. We cannot agree with his contention on this point.

A reading of the entire charge clearly discloses that the trial justice covered the question of common-law negligence in his instructions. Moreover he carefully instructed the jury regarding the effect to be given by them to any violation of the statutes in the following language: "* * * but there is a further rule which is important, and I give it to you in order that you may properly judge the effect to be given to any violation of these statutory rules. It's that in Rhode Island the violation of a statute which sets forth the rules of the road is not negligence in and of itself." He then quoted to the jury the following from *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, 456: "The observance or non-observance of traffic regulations is a circumstance to be considered in determining whether the driver of an automobile was in the exercise of due care at a street intersection." Exception 23 is overruled.

Exception 25 is based on the trial justice's refusal to grant plaintiff's request to submit to the jury the following question: "Did the United Wire & Supply Corporation, the defendant's truck, proceed cautiously out of Kilvert Street into Post Road, yielding to Lanni's, the plaintiff's vehicle, the right of way?" The trial justice rejected plaintiff's request on the ground that it used the language of the statute and required the jury to find certain facts preliminary to reaching an answer and that it would have confused

the jury. The plaintiff contends he had a right to request special findings to ascertain whether the jury found facts consistent with their verdict.

We do not agree with plaintiff's contention. Under the general charge given by the trial justice, the jury, by their general verdict, must have implicitly found either that defendant was not guilty of negligence, or, if it was, that plaintiff was guilty of contributory negligence. Consequently a favorable answer by the jury to plaintiff's requested special finding would not have been decisive of his case, nor would such answer necessarily affect the general verdict. Therefore we are convinced that the trial justice did not violate the provisions of general laws 1938, chap. 534, §2. See *Williams* v. *Allen,* 44 R. I. 14, 19, 20. In any event, after carefully considering the entire record it is our opinion that, assuming without deciding that such ruling was erroneous, it was not prejudicial error. See *Reid* v. *Rhode Island Co.,* 28 R. I. 321, 326, where this court quoted with approval the following: "* * * the action of the court in submitting, or in refusing to submit, a question to the jury for a special finding by them, or in discharging the jury without their having made such special finding, is, on appeal, to be viewed and tested in connection with all the circumstances of the particular case, the province and aim of the appellate court being to correct only such errors as have affected some substantial right or interest of the party appealing." Exception 25 is overruled.

Exception 26 is based on the refusal of the trial justice to charge the jury on the doctrine of the last clear chance. We shall consider this issue on the assumption that a request for such charge was properly made in view of the references made thereto by the trial justice. However, after a careful examination of the entire record we are constrained to agree with the trial justice that the evidence is such that the doctrine of the last clear chance does not apply in the instant case. There is no evidence that when

the defendant's driver saw the plaintiff's car 8 to 10 feet away, or that when he should have seen him, he had a reasonable opportunity thereafter to avoid the collision by the exercise of due care, or that he failed to exercise such care in the circumstances. See *New England Pretzel Co.* v. *Palmer*, 75 R. I. 387, 391. Exception 26 is overruled.

Exception 27 is based on the following request by the plaintiff at the conclusion of the charge by the trial justice, namely: "I'll ask for an exception to the request of charges that were not granted, although I think most of them were." This exception is not properly taken and is therefore overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John Quattrocchi, Jr.,* for plaintiff.

*Worrell & Hodge, Paul H. Hodge,* for defendant.