**Ernest TAYLOR**

v.

**ALLIS CHALMERS CORP. et al.**

**91–458–Appeal.**

Supreme Court of Rhode Island.

June 18, 1992.

Paul T. Jones, Jr., for plaintiff.

Robert Lynch, for defendants.

## ORDER

This case came before a three-member panel of the court on June 16, 1992, pursuant to an order directing the plaintiff to appear and show cause why his appeal should not be summarily decided. The plaintiff, Ernest Taylor, appeals from a judgment entered in favor of the defendants, Allis Chalmers Corp. (Allis Chalmers) and Crellin Handling Equipment, Inc. (Crellin Handling).

On April 2, 1980, plaintiff was struck by a forklift and sustained injuries while working as an employee of Collyer Insulated Wire Co. (Collyer Wire). The plaintiff subsequently filed a complaint in Superior Court alleging negligence, breach of warranty, and defective design for failure to install a warning device on the forklift to signal when the vehicle was backing up. The named defendants to the action were Allis Chalmers, the manufacturer of the forklift, and Crellin Handling, the retailer who sold the forklift to Collyer Wire.

At trial plaintiff presented two expert witnesses. Doctor Marc Richman testified as to his opinion regarding the defective nature of the forklift truck, but the trial justice limited the testimony of plaintiff's second expert, George Bombyk. The court allowed Bombyk to testify concerning forklift safety design, but it refused to allow

Bombyk to give an opinion on the causal relationship between the alleged defect and plaintiff's injury because Bombyk lacked a formal degree or experience in the design of a forklift truck.

After the presentation of evidence the trial justice denied two of plaintiff's requested jury instructions. Specifically the trial justice denied plaintiff's requested instruction that the forklift's compliance with industry standards did not establish that the forklift was free of defects and the requested instruction that the manufacturer was responsible for failure to install safety devices even though the purchaser represented to the manufacturer that it would install safety devices after receipt of the forklift. At the completion of the five-day trial the jury returned a verdict finding the defendants not liable to plaintiff.

On appeal plaintiff asserts that the trial justice erred in limiting George Bombyk's testimony and in refusing to issue the two denied requests for jury instructions. First we note that the question of whether a witness is qualified to express an opinion as an expert is a matter committed to the sound discretion of the trial justice and that a decision to qualify a witness as an expert will not be disturbed on review absent a showing of abuse of discretion. *State v. Boucher*, 542 A.2d 236, 239 (R.I.1988); *Richardson v. Fuchs*, 523 A.2d 445 (R.I.1987). In the instant case the trial justice did not err because George Bombyk lacked the formal education and work experience to give expert opinion on engineering design. He has a B.A. in education and considerable experience in occupational safety; however, his experience is limited to safety analysis of machinery in manufacturing plants. Because he does not have specific training and education in forklift design, the trial justice correctly did not allow him to give expert opinion concerning alleged defects in the forklift and the defects' causal relationship to plaintiff's injury.

The plaintiff next asserts that the trial justice erred in denying the two requested jury instructions. The plaintiff argues that the trial justice's failure to issue the requested instructions resulted in the jury's misapplication of the law in favor of defendants. In rejecting plaintiff's claim we note that a trial justice's refusal to grant a request for jury instruction is not reversible error if the requested charge is fairly covered in the general charge. A review of the jury instructions shows that the trial justice adequately covered the law of strict liability for design defects and therefore did not err in not issuing plaintiff's requested instructions.

For the reasons stated we are of the opinion that plaintiff has not shown cause why his appeal should not be summarily decided. Accordingly the plaintiff's appeal is denied and dismissed and the judgment of the Superior Court is affirmed.

KELLEHER and WEISBERGER, JJ., did not participate.