Jeanette M. HOULE

v.

Maribeth BOURESSA et al.

No. 99–31–A.

Supreme Court of Rhode Island.

April 20, 2000.

Rajaram Suryanarayan, Providence.

Roderick A. Cavanagh, Wakefield.

### O R D E R

This is a car-accident case involving a highway collision between two moving vehicles. The two cars collided after the first automobile emerged from a side street, turned right onto a major state highway (Route 1 in Narragansett), and then immediately attempted to cross two lanes of traffic in order to enter a turnaround a very short distance down the highway. A second vehicle that was proceeding along Route 1 struck the rear portion of the crossing vehicle while it was attempting this maneuver. The driver of the lane-crossing vehicle, plaintiff Jeanette M. Houle (Houle), appeals from a Superior Court judgment following a jury verdict in favor of defendants, Maribeth Bouressa (Bouressa) and Paul D. Bouressa. We ordered the parties to show cause why the issues raised by this appeal should not be summarily decided. Because no cause has been shown, we proceed to do so.

Houle argues on appeal that the trial justice erred in refusing to instruct the jury concerning rights of way at intersections, in accordance with our decision in *Dembicer v. Pawtucket Cabinet & Builders Finish Co.*, 58 R.I. 451, 193 A. 622 (1937). Houle contends that the court's failure to give this instruction left the jurors confused over the issue of proximate cause. Yet the jury never reached the issue of proximate cause in rendering its verdict because, in response to special interrogatories, it determined that the other driver, Bouressa, was not negligent. Therefore, even were we to assume without deciding that the proposed instruction was warranted, the court's failure to give the instruction cannot have affected the jury's determination of proximate cause.

Moreover, we have held that a trial justice's refusal to give a requested jury instruction "is not reversible error if the requested charge is fairly covered in the general charge." *Taylor v. Allis Chalmers Corp.*, 610 A.2d 108, 109 (R.I.1992). We will not examine isolated sentences from jury instructions apart from their context; rather, we review the instructions "in their entirety in order to determine the manner

in which a jury of ordinarily intelligent lay persons would have understood the instructions as a whole." *State v. Gomes,* 604 A.2d 1249, 1256 (R.I.1992); *see State v. Gordon,* 508 A.2d 1339, 1349 (R.I.1986).

Here, the trial justice instructed the jury extensively concerning the "rules of the road." Although the trial justice did not read the requested quotes from the *Dembicer* case to the jury, the charge as given adequately instructed the jury that the right-of-way rule is not an absolute right, but depends upon the circumstances of each case. Further, the trial justice instructed the jury that a violation of the rules of the road does not automatically require a finding of negligence, but may be considered as evidence of negligence. As a result, we conclude that the trial justice properly instructed the jury.

Houle next argues that the trial justice erred in denying her motion for a new trial. She contends that the trial justice failed to consider that Bouressa admitted to speeding, that she left 107 feet of tire marks on the road, that she failed to maintain a proper distance between her vehicle and the Houle vehicle, and that she failed to give Houle vehicle the right of way when it attempted to cross the lanes of traffic to reach the turnaround.

The standard applied by a trial justice in considering a motion for a new trial is well settled. When this Court reviews a trial justice's decision on a motion for a new trial, his or her decision will be accorded great weight and will only be disturbed if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong. *See Long v. Atlantic PBS, Inc.,* 681 A.2d 249, 255 (R.I.1996). Here, the trial justice considered all the evidence offered by the parties. In her view, the jury concluded that Houle should not have pulled out onto the highway after observing the Bouressa vehicle traveling at a high speed because Houle did not have enough time to cross two lanes and enter the turnaround. The trial justice believed that reasonable minds could have differed about how to assess the evidence in this case and therefore she denied the new trial motion. *See id.* at 254.

With respect to the suggestion that the vehicle driven by Bouressa was speeding and that she left 107 feet of tire marks on the roadway, no evidence indicated that the length of the marks left by her vehicle constituted proof that she was traveling over the speed limit. And the remaining evidence concerning her rate of speed varied: the police report indicated that the calculated speed of the Bouressa vehicle was between fifty and fifty-five miles per hour; Bouressa testified that she was not sure of her exact speed, but estimated that it was between fifty and sixty miles per hour; and the passenger in the Houle vehicle estimated that Bouressa's vehicle was traveling at sixty-five miles per hour. The trial justice instructed the jury that if a driver exceeds the speed limit, which was fifty miles per hour on this highway, the driver's conduct could be considered "not reasonable and not prudent."

Houle also contends that the trial justice overlooked evidence that Bouressa failed to maintain a proper distance between her car and the Houle vehicle in front of her, and that Bouressa failed to yield the right of way when Houle attempted her lane-crossing maneuver. But Bouressa testified that she applied her brakes as soon as she saw Houle's car pull out from the side street onto Route 1 and the trial justice instructed the jury that the yielding right was not absolute, but relative, depending upon the evidence in the case.

In light of the trial justice's instructions to the jury, we are of the opinion that reasonable minds could have differed as to whether Bouressa was negligent under these circumstances. Accordingly, the trial justice did not err in denying Houle's motion for a new trial. Hence, we deny

Houle's appeal and affirm the Superior Court's judgment.