*Fergus J. McOsker, Francis D. McManus,* for plaintiff.

*McKiernan, McElroy & Going, Peter W. McKiernan, John S. McKiernan,* for defendant.

THERESA LAMARQUE *vs.* BERTRAM P. MASSE, *d.b.a.*

FAIRMOUNT DAIRY.

JANUARY 27, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass on the case for negligence in which, after a jury trial in the superior court, a verdict was rendered for the plaintiff. The case is here on a bill of exceptions containing among others an exception to the trial justice's denial of defendant's motion for a directed verdict. On our view of the evidence that exception is decisive of the case; hence we shall not consider his other exceptions.

After reading the transcript we are of the opinion that a verdict for the defendant ought to have been directed, because on any reasonable view of the evidence he was not guilty of negligence proximately causing plaintiff's injury. On the contrary it appears therefrom that her injury was due solely to the negligent operation of the automobile in which she was a passenger. A brief summary of the evidence most favorable to her will, we think, make this clear.

On April 21, 1947 at 2:30 p.m. the automobile, owned and operated by John B. Riendeau, collided with a truck operated by a servant of the defendant, and as a result plaintiff, who was riding in the front seat beside Riendeau, was seriously injured. The collision occurred on East street, a public highway in the city of Woonsocket, which intersects but does not cross South Main street. It runs uphill

from South Main street at a steep grade for a short distance, then curves and begins to level off just before it intersects with Olo street about at the top of the hill. East street, according to Riendeau who testified for the plaintiff, is 24 feet wide.

Shortly before the collision Riendeau turned his car into East street from South Main street, shifted to second speed and proceeded to climb the hill at the rate of 20 miles per hour. Thereafter as he approached the top of the hill he gradually increased his speed to 25 miles per hour. When he was about half way up the hill and near the curve he noticed that an automobile was parked at the curb on the right side of the street. He testified that in order to pass it he turned his car to the left toward the center of the street without decreasing his speed and with the intention of clearing the parked car by 2 to 2½ feet. At that time, just before he turned, the right side of his car was about 3 feet from the right curb. Riendeau testified that after turning to the left and reaching the center of the street he noticed, for the first time, defendant's truck about 4 or 5 feet away from his car coming down the hill. He then tried to stop but before he could do so the truck collided with the left front of his car. When this happened he was still down the hill about 4 feet from the parked car. On cross-examination he admitted that at the time of the collision the right side of his car was 12 feet from the curb on his right and that the right side of defendant's truck was 5 feet from the curb on its right side. There was undisputed testimony that the truck was 5 feet wide.

After the collision both vehicles remained in contact on the street for about twenty minutes during which time defendant appeared on the scene. He testified that he obtained a yardstick and measured the distance between the left side of his truck and the curb on its left side and found it to be 19½ feet. Riendeau was present when the measurement was made but neither at that time nor later on the witness stand did he dispute it. He admitted that

he was driving his car about in the center of the street at the time of the collision.

Defendant's driver, Romulus H. Doire, testified that shortly before the collision he drove the truck out of Olo street and turned right to go down East street; that he was on the right side of that street and was proceeding in second speed at a rate between 5 and 10 miles per hour when he first noticed the Riendeau car about 10 feet away coming up the hill toward him; that he then pulled over to his right and stopped about one foot from the curb; and that shortly thereafter Riendeau's car collided with the left front fender and radiator of the truck.

Two disinterested witnesses for the defendant, Eleanor Gagnon and John J. O'Day, testified substantially that the Riendeau car crossed the center of the street and hit the truck while it was stopped. Originally O'Day stated to an investigator that the truck was 5 feet from the curb on its right when it was stopped but on the witness stand he testified that the distance was 3 feet. He further testified that the truck turned to its right to avoid a collision with the oncoming Riendeau car.

The view which we must take of this conflicting evidence is the one which is most favorable to the plaintiff against whom the motion to direct a verdict was made. On such a view East street is to be considered as 24 feet wide, as estimated by Riendeau, notwithstanding defendant's testimony that it is 26 feet wide by actual measurement. Likewise the truck must be taken to have been 5 feet from the curb on its right when the collision occurred. The evidence, however, is undisputed that the truck was at all times wholly on its right side of East street and that at least a part of Riendeau's car was on the left side of the street after he had turned out to pass the parked car ahead of him on his right.

On the basis of Riendeau's own testimony that the street was 24 feet wide and that the truck, which by undisputed testimony was 5 feet wide, was 5 feet from the right curb,

the truck must have been at least 2 feet to its right of the middle line of East street at the time of the collision. On the other hand, based on Riendeau's testimony as to the width of the street and that the right side of his car was 12 feet from the curb on his right when it collided with the truck, his car at that time must have been on his left of the middle line of East street a distance equal to the width of his car, which was a Plymouth sedan.

This deduction from his testimony is corroborated by the actual measurement which the defendant made of the distance from the left side of his truck at its point of contact with Riendeau's car to the curb on the truck driver's left, which distance he found to be 19½ feet. Such evidence shows conclusively that the front of Riendeau's car was not less than 6 feet to his left of the middle line of the street. And even if for this purpose we were to consider the width of the street to be 26 feet Riendeau's car would still be at least 5 feet over on its left side of the street.

The question presented by this view of the evidence is whether there was a timely opportunity for the driver of the truck to avoid the consequences of Riendeau's car suddenly appearing where normally it would not be expected. Was there a reasonably sufficient interval between the time when Riendeau turned to the left to avoid the parked car and the time when the collision occurred to afford one operating an approaching vehicle a last clear chance to avoid the impending collision? It appears from Riendeau's own testimony that he turned out toward the center of the street when he was about 4 or 5 feet from the oncoming truck and his speed was then about 25 miles per hour. The driver of the truck estimated the distance at that time at about 10 feet. But whether it was 5 or 10 feet, in either case it is obvious that there was not a reasonably sufficient interval for the defendant's driver to take effective action to avoid the consequences of Riendeau's negligence.

Defendant's driver was under no duty to anticipate that someone approaching on the opposite side of the street might suddenly turn, and cross over to defendant's side. In the circumstances here a duty to take some action to avoid a collision would arise when it first became or reasonably should have become evident to him that Riendeau's car was about to be placed in a position of danger. On the most favorable view of the evidence to the plaintiff, there was manifestly no time within which defendant's driver could be reasonably expected to act effectively to meet the imminent danger that first became apparent to him when Riendeau turned left to clear the parked car.

The law does not require the impossible. It only imposes a duty to look where and when looking would be effective to avoid the consequences of another's negligence. If the facts here fairly presented a case where the defendant had thus failed to look when looking would have been effective to apprise him of the danger in time to avoid it we would be compelled to sustain a finding that defendant was negligent. But such is not the case here. Defendant's driver had the undoubted right to assume until the contrary became reasonably evident that Riendeau would observe the rules of the road and not invade defendant's side of the street. *Rawding* v. *Lonsdale Bakery Co.*, 71 R. I. 50. However, if defendant's driver had discovered Riendeau's car on its wrong side of the street in time to have avoided a collision, by stopping or otherwise, it would have been his duty to do so. In the absence of evidence reasonably tending to show that he had such opportunity there is no question for the jury. *Angell* v. *Lewis*, 20 R. I. 391.

The record here shows that there is no such evidence. On the contrary it plainly appears that, as a result of Riendeau's negligence, the defendant's driver was confronted with a sudden emergency which he could not reasonably have foreseen. In such a situation it is generally held that failure to anticipate it and to take effective precautions against it is not actionable negligence. *Martin* v. *Hodsdon*,

93 N. H. 66. "It is a fundamental principle of law that one is not bound to anticipate another's negligence." *Mulheirn* v. *Brown*, 322 Pa. 171, 175. See also *Moulton* v. *Nesmith*, 94 N. H. 23.

The defendant's exception to the denial of his motion for a directed verdict is sustained. On February 8, 1950, the plaintiff may appear before this court to show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiff.

*Boss & Conlan, John T. Keenan,* for defendant.