261 A.2d 15.

ELSIE MAKLAR *vs.* PHILIP GREENE.
HENRY J. BAZELAK *vs.* PHILIP GREENE.
JEANNETTE BAZELAK *vs.* PHILIP GREENE.

JANUARY 12, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These civil actions were brought to recover damages for injuries resulting from a motor vehicle collision in the city of Cranston on April 4, 1965. After a trial to a jury in the Superior Court, a verdict was returned for the plaintiff Henry J. Bazelak in the amount of $1,-716.70, for the plaintiff Jeannette Bazelak in the amount of $200, and for the plaintiff Elsie Maklar in the amount of $495, plus interest in each case. Each plaintiff then moved for a new trial on the ground that the damages awarded were inadequate, and the trial justice ordered a new trial in each case on the issue of damages only unless the defendant consented to an additur in the case of Henry J. Bazelak in the amount of $1,000, in the case of Jeannette Bazelak in the amount of $1,500, and in the case of Elsie Maklar in the amount of $2,500. The defendant declined to consent to the additurs so ordered and is now in this court prosecuting an appeal from the decision of the trial justice in awarding a new trial in each case on the issue of damages only.

It is not disputed that defendant was the operator of a motor vehicle in a line of traffic moving at about 25 miles an hour in a northerly direction on Atwood Avenue. The vehicle immediately preceding that of defendant in the line of traffic was being operated by plaintiff Henry J. Bazelak, and the other plaintiffs were riding in that car as passengers. The testimony indicates that defendant's vehicle was some 40 feet behind plaintiff's vehicle in the moving line of traffic.

According to plaintiffs, their vehicle was following others in the line of traffic when one of those ahead of it, without warning, came to an abrupt halt. The plaintiff operator testified that he immediately applied his brakes and brought his car to a stop and that almost immediately thereafter

it was struck from behind by the vehicle being operated by defendant. The defendant testified that his attention was drawn to the stopping of plaintiff's car when its brake lights came on, that he applied his brakes, and had reduced the speed of his vehicle from about 25 miles an hour to about eight miles an hour at the moment it came into contact with the rear of plaintiff's vehicle.

The defendant charges that reversible error inhered in the failure of the trial court to instruct the jury as specifically requested. There is a question as to whether these requests were timely made, but, believing, as we do, that the contentions are without merit, we will not consider the issue of timeliness. The first request was for an instruction that the jury must find defendant negligent before finding for plaintiffs. We perceive no error in this approach, it being clear that the trial justice did instruct the jury that plaintiffs, in order to recover, must prove by a fair preponderance of the evidence that defendant was negligent.

The defendant contends also that it was error for the trial justice to fail to charge, as requested, that defendant was not bound to anticipate the occurrence of a sudden emergency and that, when confronted with a sudden emergency to which he did not contribute, was obligated to exercise only that degree of care for his own safety commensurate with the emergency with which he was confronted. This contention is likewise without merit.

The defendant, in requesting this instruction, relied expressly on the language of this Court in *Lamarque* v. *Masse,* 76 R. I. 382, 71 A.2d 100. There we stated, in substance, that a defendant operating a motor vehicle, when confronted with a condition of sudden emergency that he could not reasonably have foreseen, is not to be held to the same standard of care that would apply had he not been confronted with the emergency. A close examination of our language in *Lamarque* v. *Masse, supra,* discloses that the

doctrine of sudden emergency has no application unless the occurrence of the emergency condition is one that the defendant could not reasonably have foreseen. The doctrine does not apply if a defendant may be reasonably charged with foreseeing the occurrence of an emergency condition. Upon a close examination of the record, however, we are persuaded that it discloses no evidence from which a jury could have found that defendant had been confronted with a condition of sudden emergency that he could not reasonably have foreseen. No error, therefore, inhered in the failure to give this instruction as requested.

In our opinion, the instructions given the jury by the trial justice fully covered the issue of defendant's negligence in the circumstances of this case. The court instructed the jury that, where a plaintiff establishes the occurrence of a rear-end collision, he has made out a prima facie case of negligence against the operator of the car coming from behind and that it then becomes the obligation of the defendant to explain the rear-end collision to the satisfaction of the jury. We think this was a sufficient instruction on the basis of the evidence and issue raised. We have consistently held that, where a rear-end collision is established, the issue of the defendant's negligence turns on his overcoming of the prima facie case which is made when a plaintiff shows a rear-end collision.

In *Douglas* v. *Silvia,* 55 R. I. 260, 261-262, 180 A. 359, 359-360, we said: "When a *prima facie* case is made out by proving that the plaintiff was damaged in a rear-end collision, the duty of going forward with evidence of due care falls upon the defendant. If the testimony then shows a conflict of evidence from which different conclusions may reasonably be drawn by ordinarily prudent persons, then the question becomes one of fact for the jury to determine under proper instructions from the court. The burden of proof in such a case still remains with the plaintiff." This

doctrine was annunciated for the first time in *O'Donnell* v. *United Electric Rys.*, 48 R. I. 18, 134 A. 642, and reiterated in *Coia* v. *Eastern Concrete Products Co.*, 85 R. I. 128, 127 A.2d 858.

The defendant has argued vigorously that the trial justice erred in ordering a new trial on the issue of damages only. He directs our attention to our well-established rule that a new trial should never be ordered on the issue of damages alone where the jury has awarded inadequate damages because it was compromising the issue of liability. The defendant contends that, where such a situation is established, a new trial must be granted on all the issues. *Fitzgerald* v. *Rendene*, 98 R. I. 239, 201 A.2d 137; *Colantonio* v. *Ellinwood*, 96 R. I. 226, 190 A.2d 584; *Loughran* v. *McKenna*, 60 R. I. 453, 199 A. 302. The rule as it is stated in *Sayegh* v. *Davis*, 46 R. I. 375, 376, 128 A. 573, is that it is error for a trial justice to order a new trial on the issue of damages only "* * * when there is ground for a strong suspicion that the jury awarded the inadequate damages as a result of a compromise involving the question of liability."

We are of the opinion that the words "strong suspicion" must be read in light of the fact that such a suspicion becomes the basis for the overturning of a jury's verdict. This should not be done lightly or without sufficient cause. The words must be taken to mean that, where the evidence on the issue of liability is so evenly balanced that reasonable men would draw different conclusions therefrom and the evidence upon which the inadequate award of damages was made would be sufficient to warrant a substantial award, such a strong suspicion will be said to exist, and a new trial should be ordered on all of the issues.

The evidence adduced by defendant here to explain away the prima facie case of negligence is typical of most cases in which a rear-end collision is involved. It discloses only that plaintiff's car stopped rather abruptly and that de-

fendant's car traveled at least 40 feet and came into contact with plaintiff's car an instant or so after plaintiff's car had stopped. This evidence obviously did not persuade the trial justice, who saw and heard defendant testifying at the trial, that it raised any serious question as to the negligence of defendant in the circumstances. In these cases the defendant, of course, has the duty to overcome the prima facie case made by the rear-end collision. In the opinion of the trial justice, as stated in his decision on the motion for a new trial, he did not meet that obligation. We cannot in these circumstances override the conclusion of the trial justice, and it is our opinion that there was no error in his ordering new trials on the issue of damages only.

The defendant argues further that it was error to issue the additur in the amount of $2,500 in the case of the plaintiff Elsie Maklar. In so arguing, he contends that the evidence in the record, relating to the injuries sustained by this plaintiff, is insufficient to support the finding of damages in the amount reflected by the verdict as increased by the additur. We have examined the record and are of the opinion that there is substantial evidence therein establishing both special damages and pain and suffering in a sufficient degree to justify the amount of the additur. This contention, in our opinion, is without merit.

The appeals of the defendant are denied and dismissed; the judgments appealed from are affirmed, and the causes are remanded to the Superior Court for further proceedings.

*William J. McGair*, for plaintiffs.

*John G. Carroll, Robert L. Kiernan*, for defendant.