278 A.2d 410.

STANLEY KOLC *et al. vs.* MARIE MARATTA *et al.*

JUNE 15, 1971.

PRESENT: Roberts, C. J., Powers, Joslin and Kelleher, JJ.

POWERS, J. These are four civil actions for negligence.

At or about 3:30 in the afternoon of November 6, 1964, Kenneth Kolc, who was seven years old at the time, sustained serious personal injuries when, darting across Mineral Spring Avenue in the town of North Providence, he came into collision with a motor vehicle being operated by Marie Maratta and owned by her husband, Peter Maratta.

Kenneth, through his father and next friend commenced a civil action for personal injuries against both the operator and the registered owner of the vehicle, and his father commenced an action against each such defendant for consequential damages.

The cases were tried to a Superior Court justice and a jury which returned verdicts for defendants in all four cases. They are before us on plaintiffs' appeal from the judgment accordingly entered.

In connection with their appeal, plaintiffs assert nine assignments of error among which is an objection to the trial justice's charge on the doctrine of sudden emergency. Because of the view that we take of this objection, plaintiffs' other contentions need not be recited nor discussed.

At defendants' request, the trial justice instructed the jury as follows:

> "If you find that the Defendant operator was confronted with an emergency not of her own making that prior thereto that she was in the exercise of due care and that when so confronted she did everything which a reasonable prudent person would be expected to do under the circumstances or similar circumstances, then your verdict must be for the Defendant."

We think that this instruction approaches reversible error per se, but clearly so when related to the relevant facts of the instant case. After stating "If you find that the Defendant operator was confronted with an emergency not of her own making" the trial justice continued with "that prior thereto that she was in the exercise of due care and that when so confronted she did everything which a reasonable prudent person would be expected to do under the circumstances or similar circumstances, then your verdict must be for the Defendant." The phrase "prior thereto" it seems to us, clearly tends to negate the requirement of operating a motor vehicle with due care at all times. While it may be urged that the phrase "prior thereto she was in the exercise of due care" was intended to connote the excuse of due care at the time the sudden emergency arose, such suggestion is argumentative rather than persuasive. See *Camaras* v. *Moran,* 100 R. I. 717, 219 A.2d 487. We think it more reasonable that in light of the charge as given, any jury would have difficulty in properly comprehending the permissible scope of the sudden emergency doctrine.

But whether this be so in every case becomes academic when the instruction in question is considered against the applicable evidence in the case at bar. The applicable evidence here is in conflict, but when viewed in the light most favorable to defendants, it clearly makes the instruction objected to so misleading as to constitute reversible error.

We turn then to a consideration of the circumstances as related by defendant-operator. They establish that the minor plaintiff was one of "eight to ten" school children who were standing on the southerly sidewalk of Mineral Spring Avenue which they were awaiting to cross. They were under the supervision of a crossing guard standing against the curb holding them back with her arms out-

stretched horizontally. The children were standing at a crosswalk which was close to the school they attended.

The defendant-operator, who lived in and was thoroughly familiar with the area and knew that she was in a school zone, was proceeding westerly along Mineral Spring Avenue, the southerly side of which was to her left. She testified that she saw the crossing guard and the children some 200 feet in front of her, and that there were no cars parked on either side of Mineral Spring Avenue. At the time she observed them she was driving 20 to 25 miles per hour. She took her foot off the accelerator but seeing that the children were safely on the sidewalk she "proceeded to go through." It is also her testimony that having thus seen the children and the crossing guard, she did not again look to her left. However, according to her, the front of her car had traversed the crosswalk by a few feet when she glimpsed an image out of the corner of her left eye. This image was the minor plaintiff who, darting from the sidewalk where he had been standing, came into collision with the left side of defendant's car. It is undisputed that minor plaintiff crossed some 26 feet of Mineral Spring Avenue before the collision.

In *Maklar* v. *Greene,* 106 R. I. 405, 261 A.2d 15, this court stated:

> " * * * the doctrine of sudden emergency has no application unless the occurrence of the emergency condition is one that the defendant could not reasonably have foreseen. The doctrine does not apply if a defendant may be reasonably charged with foreseeing the occurrence of an emergency condition." *Id.* at 407-08, 261 A.2d at 17.

Patently, the instant defendant-operator, on observing the children and the crossing guard lined up in such fashion, was confronted with a condition which would preclude that which happened from qualifying as a sudden emergency. It is not realistic to believe that a jury would not

think of a child darting across the highway as constituting a sudden emergency, regardless of whatever conditions might prevail. It does not seem to us that it can be persuasively argued that in face of the condition existing here, a reasonably prudent person should not be held to foresee the likelihood of a child darting across the street. This is not to say that the jury in the instant case could not find that the defendant-operator was in the exercise of due care. What we do say is that defendants were not entitled, under the facts as defendant-operator stated them to be, to have the jury instructed that defendants were entitled to a verdict if the jury found that the operator was confronted with a sudden emergency. Such instruction, under the facts here, clearly tends to minimize the burden of due care.

It is quite obvious that the jury would relate the instruction on sudden emergency to the minor plaintiff's darting into the highway. So relating, they would then consider the further instruction that defendants were entitled to a verdict if, prior to the minor plaintiff's darting across the highway, defendant-operator was in the exercise of due care.

It is her testimony that knowing she was in a school zone and observing the children waiting to cross, she lifted her foot off the accelerator but observing them to be supervised by the crossing guard, proceeded through. In such posture, we think it inescapable that the jury might well have failed to consider whether the defendant-operator was in the exercise of that degree of due care clearly called for throughout the crucial period commencing when she first observed the children and continuing until the special hazard was safely passed.

It is possible, of course, that the jury reached their verdict on a finding that the minor plaintiff was guilty of contributory negligence. If such were indeed the case,

628

they, presumably, never reached the question of the defendant-operator's due care or lack thereof. But just what did persuade them to reach their verdict is not ascertainable. Since we cannot say, therefore, that their verdict did not result from the instruction on sudden emergency, we conclude that the ends of justice will be better served by remitting the case for a new trial.

The plaintiffs' appeal is sustained, the judgment appealed from is vacated and the cases are remitted to the Superior Court for a new trial.

Mr. Justice PAOLINO, did not participate.

*Gunning, LaFazia, Gnys & Selya, Raymond A. LaFazia, Allen E. Erickson, John A. Varone,* for plaintiffs.

*Joseph V. Cavanagh,* for defendants.