DECISION
Before the Court is defendant Caterpillar Inc.'s (Caterpillar) motion for summary judgment pursuant to Super. R. Civ. P. 56. The plaintiffs, Ray and Emily Phillips (the Phillips), object to the motion.
On April 10, 2006, the Phillips filed a complaint in this Court, alleging, inter alia, that they suffered injuries as a result of Ray Phillips' (Mr. Phillips) exposure to asbestos and asbestos-containing products that were manufactured, supplied, or sold by Caterpillar. In response, Caterpillar has filed this motion for summary judgment, arguing that the Phillips have not established their prima facie case. To support its motion, Caterpillar argues that the Phillips have not produced sufficient evidence to indicate that Mr. Phillips was ever exposed to asbestos via a Caterpillar product. It has produced portions of Mr. Phillip's deposition in which Mr. Phillips stated that he did not remember if he had been present when people were working with Caterpillar products. In addition, in another section of the deposition presented to the Court, Mr. Phillips testified that he did not know if he was exposed to asbestos while working with Caterpillar products. Caterpillar argues that this deposition testimony, combined with a lack of other evidence that Mr. Phillips had been exposed to asbestos while working on Caterpillar products, entitles Caterpillar to summary judgment.
"Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Tavares v. Barbour, 790 A.2d 1110, 1112 (R.I. 2002) (citations omitted). The moving party bears the initial burden of establishing that no genuine issues of material fact exist; if it does so successfully, then the burden shifts to the nonmoving party.Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001). If the nonmoving party can demonstrate that an issue of material fact exists, the motion will be denied. Palmisciano v. Burrillville Racing Ass'n., 603 A.2d 317, 320
(R.I. 1992) (citations omitted).
Here, the Phillips counter Caterpillar's evidence by offering other portions of Mr. Phillip's deposition which contradict the sections put forth by Caterpillar. In this portion of his deposition, Mr. Phillips testified that he worked on Caterpillar bulldozers during the course of his work at an oil and gas company. The Phillips attribute the inconsistencies in Mr. Phillips' testimony to his ill health, the many hours he was questioned and re-questioned, and the fact that the events in question occurred decades ago.
Regardless of the reason for these discrepancies, the contradicting evidence put forth by the parties indicates that this case does not warrant summary judgment. It is clear that there are factual disputes which need to be resolved at trial, and, accordingly, Caterpillar's motion for summary judgment is denied.
Counsel shall submit order for entry.